UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------------x
SHANNON SMITH, individually and on behalf of
all others similarly situated,

                Plaintiff,

Docket No:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

   -v.-

POLLACK & ROSEN, P.A.,
RIVER HEIGHTS CAPITAL, LLC,

                Defendant(s).
---------------------------------------------------------------------------x

Plaintiff Shannon Smith ("Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Pollack & Rosen, P.A. ("Pollack") and Defendant River Heights Capital, LLC ("River") or collectively "Defendants" individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to

the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant's principal address is located in this district.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages arising from the Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Pennsylvania, County of Philadelphia.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant Pollack & Rosen, P.A. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1), with its registered agent for service located at 205 West Broad Street, Bethlehem, PA 18018.

10. Defendant River Heights Capital, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1), with its registered agent for service Corporation Service Company located at 2595 Interstate Drive, Suite 103, Harrisburg, PA, 17110.

11. Upon information and belief, Defendants are companies that use the mail, telephone, and facsimile and regularly engage in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of Pennsylvania;

    b. to whom Defendants sent an initial collection letter, attempting to collect a consumer debt;

    c. which letters included charges for interest;

    d. without stating whether the interest is still accruing or waived; and

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

The Sub-Class consists of:

a. all individuals with addresses in the State of Pennsylvania;

b. to whom Defendants sent an initial collection letter, attempting to collect a consumer debt;

c. after the statute of limitations has already expired;

d. without stating on the letter the required language disclosing the fact that the debt was time-barred; and

e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before May 20, 2025.

The Second Sub-Class consists of as follows:

a. all individuals with addresses in the Commonwealth of Pennsylvania;

b. to whom Defendants sent a collection letter, attempting to collect a consumer debt;

c. stating two different addresses on the letter for the address of the debt collector; and

d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before March 28, 2025.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class is the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 USC §§ 1692d, 1692e, 1692f and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. At some time prior to January 22, 2025, Plaintiff allegedly incurred an obligation with Capital One Bank (USA), N.A. ("Capital One").

23. The Capital One obligation arose out of transactions incurred primarily for personal, family or household purposes.

24. The alleged Capital One obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and as defined by 12 CFR § 1006.2(h).

25. Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

26. Upon information and belief, Capital One assigned the alleged debt to River Heights Capital LLC.

27. The alleged debt, once in default, was eventually acquired by River Heights Capital LLC.

28. Thereafter, Defendant River Heights Capital LLC contracted with Defendant Pollack & Rosen to collect the alleged debt.

29. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<u>*Violation 1 - Defendants Failure to State Accrual Rate*</u>

30. On or around January 22, 2025, Defendant Pollack sent a collection letter to Plaintiff, attached hereto as **Exhibit A**.

31. The letter stated in relevant part as follows:

    You had a(n) account from CAPITAL ONE BANK (USA), N.A. with account number ************7678
    As of March 16, 2020, you owed:                $3590.99
    Between March 16, 2020 and today:
    You were charged this amount in interest:      + $1046.60
    You were charge this mount in fees             + $0.00
    You paid or were credited this amount
    toward the debt:                               - $0.00

    **Total amount of the debt now:**              **$4637.59**

    *See* Exhibit A.

32. Plaintiff disputes the amounts owed on this alleged debt.

33. The breakdown of the debt shows an interest charge of $1,046.60 between March 16, 2020 and January 22, 2025.

34. The collection letter does not specify whether future interest is waived or if it will continue to accrue, the amount of such charges, or the intervals at which they may be applied.

35. These are material terms that were omitted by the Defendants.

36. The omission of such material terms, creates confusion, ambiguity, and uncertainty as to the veracity and validity of the debt.

37. Defendants clearly did not maintain procedures reasonably adapted to avoid any such violations.

38. This violation caused to Plaintiff expend time and money in determining the proper course of action in response.

### *Violation 2 - Defendant's Letter is Past the Statute of Limitations*

39. The Letter, dated January 22, 2025, states that the Plaintiff owed the alleged debt on March 16, 2020 – over four (4) years after Plaintiff incurred the alleged debt.

40. The Statute of Limitations for a debt owed resulting from a contract (express or implied) in the Commonwealth of Pennsylvania is four (4) years. 42 Pa. C.S.§ 5525(a).

41. Accordingly, Defendants communication with the Plaintiff on January 22, 2025 for purpose of collecting the debt allegedly incurred by Plaintiff from March 16, 2020, was over one (1) year after the Statute of Limitations had expired and thus the debt was time-barred.

42. Pursuant to § 1692(e) Defendants were obligated to inform the Plaintiff that the alleged debt was time barred and thus not legally enforceable.

43. Further, by omitting that the debt was time-barred, Defendants were attempting to mislead the Plaintiff by coercing the Plaintiff to acknowledge the debt and/or to make a partial payment which would then revive and restart the Statute of Limitations.

44. Defendants misrepresented the nature of the debt by failing to include the fact that the debt was not legally enforceable due to the fact that it was time barred.

45. Defendants conduct prevented the Plaintiff from acting in the way she would have otherwise acted had the Defendants included that the debt was not legally enforceable.

46. Defendants failure to provide complete information – such as the fact that the Statute of Limitation had expired - are quintessential examples of improper collection tactics that could cause a consumer to pay as a means of avoiding further prosecution by Defendants.

47. The Letter is therefore false, deceptive, misleading, and unfair.

48. Further, Defendants attempt to collect a time barred debt, without notifying the Plaintiff of the status of the debt, certainly meets the criteria for Defendants to violate 1692(f) as unfair or unconscionable manes to collect or attempt to collect a debt.

49. Because of the Defendants improper acts, Plaintiff expended time and money in determining the proper course of action.

50. Plaintiff spent this trying to mitigate harm in the form of dominion and control over her funds.

51. Plaintiff spent this trying to mitigate the harm from the Defendants' negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

52. Defendants improper acts caused the Plaintiff to suffer emotional harm, including fear and anxiety.

53. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adopted to avoid any such violations.

54. Defendants collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

55. Moreover, Defendants conduct caused the Plaintiff to suffer emotional harm in the form of severe anxiety.

56. Defendants deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants collection efforts.

57. As described above, Plaintiff was misled to her detriment by the statements in the Letter, and relied on the contents of the Communications to her detriment.

58. As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

59.  As a result of the Defendants deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

*Violation 3 - Defendant's Letter Includes Conflicting Mailing Addresses*

60. The Letter states, in relevant part on the top left side of the front page:

    Pollack & Rosen, P.A.
    205 West Broad Street
    Bethlehem, PA 18018

61. The collection letter also states, in relevant part on the bottom left side of the front page:

    Mail this form to:
    Pollack & Rosen, P A
    806 Douglas Rd., Ste. 200
    Coral Gabbles, FL 33134

    *See* Exhibit A

62. The Letter contains two distinct addresses of Defendant.

63. The Letter lists the address of Defendant as 205 West Broad Street, Bethlehem, PA 18018. This address is prominently featured on the top left page of the Letter.

64. The Letter also states the physical address of Defendant as 806 Douglas Rd., Ste. 200. This address is prominently featured on the top right page of the Letter.

65. The conflicting addresses presented in the letter caused Plaintiff significant confusion as to where payments and correspondence should be sent.

66. Plaintiff was unsure which address to use, potentially leading to a delay in making payments or initiating communication with Defendant Pollack.

67. Plaintiff reasonably believed that the most prominent address (top left) was the correct one to use, given its size and placement.

68. The inclusion of **Mail this form to:"** on the bottom left only added more uncertainty, leading Plaintiff to wonder if this was another address for payment or correspondence.

69. Plaintiff reasonably assumed, or could have reasonably assumed, that mailing address found on the top left side of the Letter was a permissible address to use for any correspondence or payment, since Defendant Pollack provided this address in the Letter as well.

70. Plaintiff's confusion was compounded by the lack of clear instructions or differentiation between the addresses, leaving Plaintiff uncertain about how to proceed.

71. As a result, Plaintiff was left in a state of confusion, unsure how to comply correctly with the payment or communication requirements.

72. Plaintiff's frustration was heightened by the appearance of conflicting information from a professional debt collector, which should have been clear and straightforward.

73. Displaying two (2) separate addresses for one debt collector, is on its face unprofessional and gave the Plaintiff ample reason to be skeptical and doubt the validity and veracity of the alleged debt.

74. The presentation of two addresses, with no clear explanation of which one was the correct one, undermined Plaintiff's ability to respond to the collection efforts promptly.

75. Moreover, it confused and misled the Plaintiff, causing the Plaintiff to suffer harm in the form of severe anxiety, fear of future unsavory debt collection practices, and emotional distress.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692d *et seq.***

76. Plaintiff incorporates by reference paragraphs 1 through 74 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

77. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

78. Defendants violated § 1692d:

    a. by failing to state whether interest is waived or will continue to accrue
    b. by failing to state on the letter that the debt was time-barred; and
    c. by stating two (2) different addresses for the address of the Defendant Pollack debt collector.

79. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

80. Plaintiff incorporates by reference paragraphs 1 through 74 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

82. Defendant violated § 1692e:

    a. As the letter falsely represents the true character and/or legal status of the debt in violation of § 1692e(2)(A); and

    b. By making a false and misleading representation/omissions in violation of § 1692e(10).

83. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

84. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 74 of this Complaint as if set forth herein.

85. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

86. Pursuant to 15 USC §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

87. Defendants violated § 1692f:

    a. By failing to state whether future interest is waived or will continue to accrue;

    b. By omitting the required language that the debt was time-barred; and

    c. By stating two different addresses on the letter for the address of the debt collector.

88. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

89. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 74 of this Complaint as if set forth herein.

90. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

91. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1.   The amount of the debt;

    2.    The name of the creditor to whom the debt is owed;

    3.    A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

    4.    A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    5.    A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

92. Defendants violated Section 1692g(a):

    a.  Failing to properly provide the amount of the debt.

93. Pursuant to 15 USC §1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

94. Defendants violated Section 1692g(b) by:

    a. failing to state whether future interest is waived or will continue to accrue;

    b. failing to state that the debt was time-barred;

    c. and stating two (2) separate addresses for the location of the Defendant Pollack debt collector.

95. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

96. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Shannon Smith individually and on behalf of all others similarly situated, demands judgment from the Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Joshua Cohen, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 20, 2025                    Respectfully Submitted,

**Stein Saks, PLLC**

/s/Joshua Cohen\_\_\_
By: Joshua Cohen, Esq.
**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500
Jcohen@steinsakslegal.com